## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, Plaintiff, <br><br> v. <br><br> **DARLING ANGEL PIN CREATIONS, INC.**, a Florida corporation, also d/b/a Angel Pin Creations, <br><br> **SHELLY R. OLSON**, individually and as an officer of Darling Angel Pin Creations, Inc., and <br><br> **JUDITH C. MENDEZ**, individually and as an officer of Darling Angel Pin Creations, Inc., <br><br> Defendants. | **Case #:**8:10-cv-335-T-30TGW |

## TEMPORARY RESTRAINING ORDER WITH
## ASSET FREEZE, EXPEDITED DISCOVERY AND ORDER TO SHOW CAUSE WHY A
## PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, Federal Trade Commission (FTC or the Commission), pursuant to Sections 5(a), 13(b) of the FTC Act (FTC Act), 15 U.S.C. §§ 45(a), 53(b), filed its Complaint for Injunctive and Other Equitable Relief (Complaint), and moved for a Temporary Restraining Order with Asset Freeze and Expedited Discovery pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65(b). The Court has considered the Complaint and the declarations, exhibits, and memorandum filed in support of the Commission's motion, all other items filed in this matter, and the arguments of counsel for the parties, and now being fully advised, finds as follows:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction of all parties hereto. The Complaint states a claim upon which relief may be granted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).

2. There is good cause to believe venue properly lies with this Court.

3. There is good cause to believe that Defendants have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that Plaintiff is likely to prevail on the merits of this action.

4. There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief for consumers in the form of monetary restitution, rescission of contracts or disgorgement will occur from the transfer, destruction, concealment, or other dissipation of Defendants' Assets, Documents, records or other evidence unless Defendants are immediately restrained and enjoined by order of this Court.

5. There is good cause for issuing this Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

6. Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a Temporary Restraining Order with asset freeze, expedited discovery, and other equitable relief is in the public interest.

7. No security is required of the Commission, as an agency of the United States, for the issuance of a Temporary Restraining Order. *See* Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. "**Individual Defendants**" means Shelly R. Olson and Judith C. Mendez.

2. "**Corporate Defendant**" means Darling Angel Pin Creations, Inc., also d/b/a Angel Pin Creations, by whatever names it may be known, as well as its successors, assigns, officers, directors, agents, servants, employees, salespersons, attorneys and those persons or entities in active concert or participation with it who receive actual notice of this Order by personal service, facsimile, e-mail, publication, or otherwise, whether acting directly or through any corporation, subsidiary, division or other device.

3. "**Defendants**" means the Individual Defendants and Corporate Defendant, individually, collectively, or in any combination.

4. "**Assets**" means any legal or equitable interest in, right to, or claim to, any real and personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, contracts, mail or other deliveries, shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, and all cash, wherever located.

5. "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes electronically stored information, writings, drawings, graphs, charts, sound recordings, images and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6. "**Material**" means likely to affect a person's choice of, or conduct regarding, goods or services.

7. "**Person**" means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

8. "**Plaintiff**" means the Federal Trade Commission.

9. The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## I. PROHIBITED CONDUCT

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, offering for sale, or sale of any work-at-home opportunity, Defendants and their successors, assigns, officers, agents, servants, employees, attorneys and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division or other device, are hereby temporarily restrained and enjoined from making, expressly or by implication, any representation that is false or misleading, including but not limited to misrepresenting in any manner that purchasers of Defendants' work-at-home program are likely to earn substantial income.

## II. ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and enjoined from:

A. Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any Asset, wherever located, including outside the United States, that are:

   1. owned or controlled by, or in the actual or constructive possession of, any Defendant, in whole or in part;

   2. held, directly or indirectly, for the benefit of any Defendant, in whole or in part;

   3. held by an agent of any Defendant as a retainer for the agent's provision of services to Defendants; or

   4. owned or controlled by, in the actual or constructive possession of, collected on behalf of, or otherwise held for the benefit of, any corporation, partnership, or other entity that is owned, managed, or controlled, directly or indirectly, by any Defendant, including, but not limited to, any Asset held or collected by, for, or subject to access by, any Defendant at any bank or savings and loan institution, or collected for any Defendant by any credit card processing agent, automated clearing house processor or other payment processor, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B. Opening or causing to be opened any safe deposit box in the name of any Defendant, or subject to access by any Defendant;

C. Incurring liens or other encumbrances on any Asset in the name, singly or jointly, of any corporation, partnership, or other entity owned, managed, or controlled, directly or indirectly, by any Defendant;

D. Incurring charges or cash advances on any credit card or prepaid debit, credit or other bank card, issued in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant;

**IT IS FURTHER ORDERED** that the Assets affected by this Paragraph are: (1) all Assets of Defendants existing as of the date this Order was entered, and (2) assets obtained after the time of issuance of this Order if the assets are derived from any activity prohibited by this Order.

**PROVIDED FURTHER**, that notwithstanding the asset freeze provision of this Paragraph, any Individual Defendant may pay from his or her personal funds reasonable, usual, ordinary, and necessary living expenses not to exceed $1,500 in total without obtaining written consent from the FTC.

### III. DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, or other Person who receives notice of this Order that holds, controls, or maintains custody of any account or other Asset of any Defendant, or has held, controlled, or maintained custody of any account or other Asset at any time since February 1, 2003, shall:

A. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such Asset except by further order of this Court;

B. Deny Defendants access to any safe deposit box that is titled in the name of any Defendant, either individually or jointly; or otherwise subject to access by any Defendant;

C. Provide Plaintiff's counsel, within seven days of receiving a copy of this Order, a sworn statement setting forth:

1. the number of each account or identification of each Asset held on behalf of, or for the benefit of, or collected for any of the Defendants;

2. the balance of each such account, or a description of the nature and value of each other Asset as of the close of business on the day on which this Order is received, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person or entity to whom such account or other Asset was remitted; and

3. the identification of any safe deposit box that is either titled, individually or jointly, in the name of any Defendant, or is otherwise subject to access by any Defendant; and

D. Allow Commission representatives immediate access to inspect and copy all Documents and records pertaining to the account, other Asset, or safe deposit box, including, but not limited to, account applications, account statements, signature

cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Alternatively, the institution, entity, or other Person may deliver to the Commission copies of the Documents and records requested by Plaintiff.

E. In addition to the other requirements of this **Section III**, any ACH Network or other payment processor having possession, custody or control of any Asset or any records of any Defendant, or of any account or other Asset titled in the name of, or subject to withdrawal or access by, or collected for, any Defendant or any Defendant's d/b/a, either individually or jointly, of record or beneficially, directly or indirectly, including accounts or other Assets that any of the Defendants may control by virtue of being signatories on said accounts, and including accounts or other Assets held in the name of any person that provides or provided services to any Defendant, or that has maintained any such record, account, or other Asset at any time since February 1, 2003, including, but not limited to, PayPal, and Sage Payment Solutions, shall:

   1. Within 24 hours of receipt of a copy of this Order provide the FTC with the identification of each account, other Asset or record covered by this subsection, as well as any account (other than a consumer account) into which the processor has directly or indirectly caused deposits or transfers on behalf of, or at the direct or indirect instructions of, any Defendant, including the identity or identities and address(es) of the owner(s) of each such account; and

2. Within three (3) days of receipt of a copy of this Order provide the FTC with the balance of each account or a description of the nature and value of each other Asset, identified in subparagraph E.1, as of the close of business on the day this Order is served, and, if the account or other Asset has been closed or moved, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted.

**PROVIDED, HOWEVER**, that nothing in this Order shall prohibit any ACH Network reversals of bank charges that occur in the ordinary course of business as required by any applicable banking laws or regulations.

## IV. REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that, within seven (7) days following service of this Order, Defendants shall:

A. Repatriate to the United States all Documents, records, and Assets in foreign countries held either: (1) by any Defendant; (2) for the benefit of any Defendant; or (3) under the direct or indirect control, jointly or individually, of any Defendant;

B. The same business day as any repatriation: (1) notify Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents, records, or Asset; and (2) serve this Order on the receiving financial institution or other entity;

    C.       Provide Plaintiff with a full accounting of all Documents, records, and Assets outside of the territory of the United States held either: (1) by the Defendant; (2) for the Defendant's benefit; or (3) under the Defendant's direct or indirect control, jointly or singly; and

    D.       Provide Plaintiff with access to all Documents, records, and Assets of Defendants held by financial institutions whether located outside the territorial United States or otherwise by signing the Consent to Release of Financial Records attached to this Order as Attachment A.

## V. INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign Assets or in the hindrance of the repatriation required by the preceding Section of this Order, including but not limited to:

    A.       Sending or causing to be sent any statement, letter, fax, e-mail, or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time as all Assets have been fully repatriated pursuant to the preceding Section of this Order; and

    B.       Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order or of the fact that repatriation is required pursuant to a court order, until such time as all Assets have been fully repatriated

pursuant to the preceding Section of this Order.

## VI. FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that each Defendant shall, within five (5) days of service of this Order, prepare and provide to counsel for the FTC:

A. A completed financial statement accurate as of the date of entry of this Order which shall include all financial information as requested by the Financial Statement of Individual Defendant, appended as Attachment B, and Financial Statement of Corporate Defendant, appended as Attachment C, for themselves and for each business entity under which they conduct business, or of which they are an officer or member, and for each trust of which they are a trustee. The financial statements shall be accurate as of the date of entry of this Order and shall be verified under penalty of perjury;

B. A full accounting of all assets and documents that are located inside or outside of the territory of the United States of America and are held by or for Defendants or are under their direct or indirect control, jointly, severally, or individually; and

C. The name, address and telephone number of each accountant, financial planner, investment advisor, stock broker or other individual, corporation or partnership whom they hired for financial, business or tax advice or services, since February 1, 2003.

## VII. PROHIBITIONS AGAINST DISTRIBUTION OF CONSUMER LISTS

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from selling, renting, leasing, transferring or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who is or may be a consumer of the Corporate Defendant;

**PROVIDED, HOWEVER,** that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation or court order, and may disclose such identifying information to the Plaintiff.

## VIII. PRESERVATION AND MAINTENANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and enjoined from:

A. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records of any kind that relate to the business practices or business or personal finances of any Defendant, individually or jointly; or

B. Failing to create and maintain Documents or records that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and disposition of their Assets.

## IX. PROHIBITION ON TRANSFERRING BUSINESS INFORMATION

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from transferring or in any other way providing to any Person (other than Plaintiff, a law enforcement agency, or as required by any law, regulation, or court order), directly or indirectly, any trade secrets or knowledge, whether recorded or otherwise, or any books, records, tapes, disks, accounting data, manuals, electronically stored data, banking records,

invoices, telephone records, ledgers, payroll records, or other Documents of any kind, including information stored in computer-maintained form, in the possession, custody, or control of a Defendant that are in any way related to the Corporate Defendant.

## X.     EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, within five (5) days after service of this Order, Defendants shall provide to counsel for Plaintiff Documents sufficient to show:

- A.   The name and address of every Person who has purchased a starter kit from Defendants since February 1, 2006;
- B.   The name and address of every Person who has been paid by Defendants to assemble angels since February 1, 2006;
- C.   For each Person listed in response to subparagraph B, above:
  1. How long the Person worked as a producer for Defendants; and
  2. How many units of assembled angels the Person submitted to Defendants; and
  3. The total amount of money paid by the Defendants to the Person; and
  4. The total amount of money paid by the Person to the Defendants; and
- D.   Monthly sales of finished angel pins since February 1, 2006.

**IT IS FURTHER ORDERED** that in anticipation of a preliminary injunction hearing in this matter, and pursuant to Fed. R. Civ. P. 26(d), if Defendants do not timely provide any of the documents requested in subparagraphs A-D above, Plaintiff is granted leave to conduct

limited discovery of third parties believed to possess or control information, documents, or records pertaining to the activities and assets of the Corporate Defendant, at any time after service of this Order. Such discovery shall be limited to subpoenas to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises to obtain information relevant to the information requested in subparagraphs A-D above. Plaintiff may require that all responses to such subpoenas shall be served within five (5) days of the service of such discovery. Nothing in this Order shall be construed to limit the use or number of subpoenas, including subpoenas to attend and testify, or any other mechanism of discovery in the ordinary course of discovery in this action under the Federal Rules of Civil Procedure once such ordinary discovery commences.

**IT IS FURTHER ORDERED** that service of discovery pursuant to this **Section X** may be accomplished by any means, including by facsimile transmission, United States mail, international courier service, electronic mail, or by hand.

## XI. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, agent, partner, division, sales entity, successor, assignee, officer, director, employee, independent contractor, spouse, Internet web host or master, agent, attorney, and/or representative of Defendants, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names and addresses of each such Person or entity who received a copy of this Order.

## XII. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that this Order and other initial pleadings and papers filed in this matter may be distributed and served by U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of the FTC, by any law enforcement agency, and by agents of any process servers retained by the FTC, upon any Defendant, upon the business premises of any Defendant, and upon any financial institution or any Person or entity that may be in possession or control of any Assets, records, Documents, property or property rights of any Defendant, or that may be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire institution or entity.

## XIII. MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the FTC may contact Defendants or their agents or representatives directly and anonymously for the purpose of monitoring compliance with **Section I** of this Order, and may tape record any oral communications that occur in the course of such contacts.

## XIV. NOTIFICATION OF BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that:

    A.    Each Individual Defendant is temporarily restrained and enjoined, directly or indirectly, from creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first serving on counsel for Plaintiff a written statement disclosing the following: (1) the name of the business entity;

(2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended or actual activities. If any Individual Defendant is at the time of entry of this Order operating or exercising any control over any business entity that is not a named Defendant in this action, including any partnership, limited partnership, joint venture, sole proprietorship or corporation the Individual Defendant shall provide a written statement as described above within three (3) days of entry of this Order.

B. Each Individual Defendant shall notify Plaintiff at least seven (7) days before affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action. Each notice shall include the Individual Defendant's new business address and a statement of the nature of the business or employment and the nature of his or her duties and responsibilities in connection with that business or employment. If any Individual Defendant is already affiliated with, employed by, or working for any business that is not a named Defendant in this action at the time that this Order is entered, the Individual Defendant shall notify the Plaintiff within three (3) days of the entry of this Order. The notification shall include the Individual Defendant's business address, the date the Individual Defendant began working for the business, and a statement of the nature of the business or employment and the nature of his or her duties and responsibilities in connection with that business or employment.

**XV. CORRESPONDENCE**

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Julie A. Lady, Esq.
> Federal Trade Commission
> 1111 Superior Avenue, Suite 200
> Cleveland, Ohio 44114-2507
> Phone (216) 263-3409 / Fax (216) 263-3426

**XVI. PRELIMINARY INJUNCTION HEARING**

**IT IS FURTHER ORDERED** that:

A. Defendants shall appear before this Court at the United States Courthouse located at 801 North Florida Avenue, Courtroom #13A, Tampa, Florida, on **WEDNESDAY, FEBRUARY 10, 2010, AT 9:30 A.M.**, to show cause, if any there be, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint, against Defendants, enjoining them from further violations of the FTC Act, continuing the freeze of their Assets and imposing such additional relief as may be appropriate;

B. Defendants shall file with the Court and serve on Plaintiff any opposition to Plaintiff's motion, including declarations, exhibits, other evidence, and memoranda, no later than 4:00 p.m. on the fifth (5th) day before the show-cause hearing;

C. Plaintiff shall file with the Court and serve on Defendants any supplemental declarations, exhibits, other evidence, and memoranda no later than forty-eight (48) hours before the show-cause hearing;

D. The Court's decision on the show-cause motion shall be based on the pleadings, the declarations, exhibits, and memoranda filed by the parties, and the oral argument at the hearing on the motion. Live testimony shall be heard at the show-cause hearing only on further order of this Court in response to a timely motion. Any such motion filed by Defendants shall be filed no later than the deadline in Subsection B of this Section; any such motion filed by Plaintiff shall be filed no later than the deadline in Subsection C of this Section. Any such motion by either party shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would help this Court;

E. All filings and other Documents served pursuant to this **Section XVI** shall be served: (1) by automatic operation of the Court's Electronic Filing System; or (2) by hand delivery, by facsimile, transmission of which has been verified by the party making service, or by overnight delivery service; ***Provided, however,*** that anything served other than through automatic operation of the Court's Electronic Filing System must be received no later than the filing deadline set by this Order for the item served.

## XVII. EXPIRATION

**IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days after entry unless, within such time, for good cause shown, it is extended for a like period, or unless

Defendants consent that it may be extended for a longer period and the reasons therefore entered of record.

**XVIII.     RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2010\10-cv-335.tro.wpd