**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FEDERAL TRADE COMMISSION**,

                                        Plaintiff,

        v.

**DARLING ANGEL PIN CREATIONS, INC.**,          #8:10-cv-335-T-30TGW
        a Florida corporation, also d/b/a Angel
        Pin Creations,


**SHELLY R. OLSON**,                             **Judge** James S. Moody, Jr.
        individually and as an officer of Darling Angel
        Pin Creations, Inc., and


**JUDITH C. MENDEZ,**
        individually and as an officer of Darling Angel
        Pin Creations, Inc.,


                                        Defendants.

## STIPULATED PRELIMINARY INJUNCTION
## WITH ASSET FREEZE AS TO DEFENDANT JUDITH MENDEZ

On February 2, 2010, Plaintiff, Federal Trade Commission (FTC or the Commission),

pursuant to Sections 5(a), 13(b) of the FTC Act (FTC Act), 15 U.S.C. §§ 45(a), 53(b), filed its

Complaint for Injunctive and Other Equitable Relief (Complaint). Simultaneously, the FTC moved

for a Temporary Restraining Order with Asset Freeze and Expedited Discovery pursuant to Rule

65(b) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65(b). The Court granted the FTC's

motion and issued a Temporary Restraining Order on February 2, 2010. This matter is now before

the Court pursuant to the Order to Show Cause Provision of the TRO. The Commission, through

counsel, and Defendant Judith C. Mendez, having discussed the terms of this Stipulated Preliminary Injunction with Asset Freeze, and Expedited Discovery ("Order") hereby stipulate to the following terms and conditions:

1.    This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over Defendant Mendez.  The Complaint states a claim upon which relief may be granted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).

2.    There is good cause to believe venue properly lies with this Court.

3.    The Commission and Defendant Mendez have agreed to the terms of this Order.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1.    "**Mendez**" means Judith C. Mendez by whatever names she may be known, as well as her successors, assigns, agents, servants, employees, salespersons, attorneys and those persons or entities in active concert or participation with her who receive actual notice of this Order by personal service, facsimile, e-mail, publication, or otherwise, whether acting directly or through any corporation, subsidiary, division or other device.

2.    "**Corporate Defendant**" means Darling Angel Pin Creations, Inc., also d/b/a Angel Pin Creations, by whatever names it may be known, as well as its successors, assigns, officers, directors, agents, servants, employees, salespersons, attorneys and those persons or entities in active concert or participation with it who receive actual notice of this Order by personal service, facsimile, e-mail, publication, or otherwise, whether acting directly or through any corporation, subsidiary, division or other device.

3. "**Assets**" means any legal or equitable interest in, right to, or claim to, any real and personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, contracts, mail or other deliveries, shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, and all cash, wherever located.

4. "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes electronically stored information, writings, drawings, graphs, charts, sound recordings, images and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5. "**Person**" means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

6. "**Plaintiff**" means the Federal Trade Commission.

7. The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## I. PROHIBITED CONDUCT

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, offering for sale, or sale of any work-at-home opportunity, Mendez and her successors, assigns, officers, agents, servants, employees, attorneys and those persons or entities in active concert or participation with her who receive actual notice of this Order by personal service or otherwise,

whether acting directly or through any corporation, subsidiary, division or other device, are hereby preliminarily restrained and enjoined from making, expressly or by implication, any representation that is false or misleading, including but not limited to misrepresenting in any manner that purchasers of any work-at-home program are likely to earn substantial income.

## II.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Mendez, and each of her successors, assigns, members, officers, agents, servants, employees, and attorneys, and those Persons in active concert or participation with her who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby preliminarily restrained and enjoined from:

A.    Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any Asset, wherever located, including outside the United States, that are:

1.    owned or controlled by, or in the actual or constructive possession of Mendez, in whole or in part;

2.    held, directly or indirectly, for the benefit of Mendez, in whole or in part;

3.    held by an agent of any Mendez as a retainer for the agent's provision of services to Mendez; or

4.    owned or controlled by, in the actual or constructive possession of, collected on behalf of, or otherwise held for the benefit of, any

corporation, partnership, or other entity that is owned, managed, or controlled, directly or indirectly, by Mendez, including, but not limited to, any Asset held or collected by, for, or subject to access by, Mendez at any bank or savings and loan institution, or collected for Mendez by any credit card processing agent, automated clearing house processor or other payment processor, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B.     Opening or causing to be opened any safe deposit box in the name of Mendez, or subject to access by Mendez;

C.     Incurring liens or other encumbrances on any Asset in the name, singly or jointly, of any corporation, partnership, or other entity owned, managed, or controlled, directly or indirectly, by Mendez;

D.     Incurring charges or cash advances on any credit card or prepaid debit, credit or other bank card, issued in the name, singly or jointly, of Mendez or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by Mendez;

**IT IS FURTHER ORDERED** that the Assets affected by this Paragraph are: (1) all Assets of Mendez existing as February 2, 2010, except for the $1,500 total which Mendez may pay from her personal funds for reasonable, usual, ordinary, and necessary living expenses as ordered by the Temporary Restraining Order entered on February 2, 2010, and (2) assets obtained after February 2, 2010, if the assets are derived from any activity prohibited by this Order.

## III.    DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, or other Person who receives notice of this Order that have possession, custody or control of any asset that is subject to the provisions of **Section II,** above, or has held, controlled, or maintained custody of any account or other Asset that is subject to the provisions of **Section II,** above, at any time since February 1, 2003, shall:

A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such Asset except by further order of this Court;

B.    Deny Mendez access to any safe deposit box that is titled in the name of Mendez, either individually or jointly; or otherwise subject to access by Mendez;

C.    Provide Plaintiff's counsel, within seven days of receiving a copy of this Order, a sworn statement setting forth:

1.    the number of each account or identification of each Asset held on behalf of, or for the benefit of, or collected for Mendez;

2.    the balance of each such account, or a description of the nature and value of each other Asset as of the close of business on the day on which this Order is received, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person or entity to whom such account or other Asset was remitted; and

3.      the identification of any safe deposit box that is either titled,
individually or jointly, in the name of Mendez, or is otherwise
subject to access by Mendez; and

D.      Allow Commission representatives immediate access to inspect and copy all
Documents and records pertaining to the account, other Asset, or safe deposit box,
including, but not limited to, account applications, account statements, signature
cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit
and credit instruments or slips, currency transaction reports, 1099 forms, and safe
deposit box logs.  Alternatively, the institution, entity, or other Person may deliver
to the Commission copies of the Documents and records requested by Plaintiff.

E.      In addition to the other requirements of this **Section III**, any ACH Network or other
payment processor having possession, custody or control of any Asset or any records
of Mendez, or of any account or other Asset titled in the name of, or subject to
withdrawal or access by, or collected for,  Mendez or  Mendez's d/b/a, either
individually or jointly, of record or beneficially, directly or indirectly, including
accounts or other Assets that Mendez may control by virtue of being signatories on
said accounts, and including accounts or other Assets held in the name of any person
that provides or provided services to Mendez, or that has maintained any such record,
account, or other Asset, that is subject to the provisions of **Section II,** above at any
time since February 1, 2003, including, but not limited to, PayPal, and Sage Payment
Solutions, shall:

1. Within 24 hours of receipt of a copy of this Order provide the FTC with the identification of each account, other Asset or record covered by this subsection, as well as any account (other than a consumer account) into which the processor has directly or indirectly caused deposits or transfers on behalf of, or at the direct or indirect instructions of Mendez, including the identity or identities and address(es) of the owner(s) of each such account; and

2. Within three (3) days of receipt of a copy of this Order provide the FTC with the balance of each account or a description of the nature and value of each other Asset, identified in subparagraph E.1, as of the close of business on the day this Order is served, and, if the account or other Asset has been closed or moved, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted.

**PROVIDED, HOWEVER**, that nothing in this Order shall prohibit any ACH Network reversals of bank charges that occur in the ordinary course of business as required by any applicable banking laws or regulations.

## IV. REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that, within seven (7) days following service of this Order, Mendez shall:

A.      Repatriate to the United States all Documents, records, and Assets in foreign

countries held either: (1) by Mendez; (2) for the benefit of Mendez; or (3) under the

direct or indirect control, jointly or individually, of Mendez;

B.      The same business day as any repatriation: (1) notify Plaintiff of the name and

location of the financial institution or other entity that is the recipient of such

Documents, records, or Asset; and (2) serve this Order on the receiving financial

institution or other entity;

C.      Provide Plaintiff with a full accounting of all Documents, records, and Assets outside

of the territory of the United States held either: (1) by Mendez; (2) for the Mendez's

benefit; or (3) under the Mendez's direct or indirect control, jointly or singly; and

## V.      INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Mendez is hereby preliminarily restrained and enjoined

from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of

foreign Assets or in the hindrance of the repatriation required by the preceding Section of this Order,

including but not limited to:

A.      Sending or causing to be sent any statement, letter, fax, e-mail, or wire transmission,

or telephoning or engaging in any other act, directly or indirectly, that results in a

determination by a foreign trustee or other entity that a "duress" event has occurred

under the terms of a foreign trust agreement, until such time as all Assets have been

fully repatriated pursuant to the preceding Section of this Order; and

B.      Notifying any trustee, protector or other agent of any foreign trust or other related

entities of either the existence of this Order or of the fact that repatriation is required

pursuant to a court order, until such time as all Assets have been fully repatriated

pursuant to the preceding Section of this Order.

## VI. PROHIBITIONS AGAINST DISTRIBUTION OF CONSUMER LISTS

**IT IS FURTHER ORDERED** that Mendez is hereby preliminarily restrained and

enjoined from selling, renting, leasing, transferring or otherwise disclosing the name, address,

telephone number, credit card number, bank account number, e-mail address, or other

identifying information of any person who is or may be a consumer of the Corporate Defendant;

**PROVIDED, HOWEVER,** that Mendez may disclose such identifying information to

a law enforcement agency or as required by any law, regulation or court order, and may

disclose such identifying information to the Plaintiff.

## VII. PRESERVATION AND MAINTENANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that Mendez, and each of her successors, assigns,

members, officers, agents, servants, employees, and attorneys, and those Persons in active

concert or participation with them who receive actual notice of this Order by personal service

or otherwise, whether acting directly or through any entity, corporation, subsidiary, division,

affiliate or other device, are hereby preliminarily restrained and enjoined from:

A.      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise

disposing of, in any manner, directly or indirectly, any Documents or records of

any kind that relate to the business practices or business or personal finances of

Mendez or Corporate Defendant, individually or jointly; or

B.    Failing to create and maintain Documents or records that, in reasonable detail, accurately, fairly, and completely reflect Mendez's or Corporate Defendant's incomes, disbursements, transactions, and disposition of Assets.

## VIII.  PROHIBITION ON TRANSFERRING BUSINESS INFORMATION

**IT IS FURTHER ORDERED** that Mendez is hereby preliminarily restrained and enjoined from transferring or in any other way providing to any Person (other than Plaintiff, a law enforcement agency, or as required by any law, regulation, or court order), directly or indirectly, any trade secrets or knowledge, whether recorded or otherwise, or any books, records, tapes, disks, accounting data, manuals, electronically stored data, banking records, invoices, telephone records, ledgers, payroll records, or other Documents of any kind, including information stored in computer-maintained form, in the possession, custody, or control of Mendez that are in any way related to the Corporate Defendant.

## IX.  DISTRIBUTION OF ORDER BY MENDEZ

**IT IS FURTHER ORDERED** that Mendez shall immediately provide a copy of this Order to each affiliate, agent, partner, division, sales entity, successor, assignee, officer, director, employee, independent contractor, spouse, Internet web host or master, agent, attorney, and/or representative of Mendez, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff with a sworn statement that Mendez has complied with this provision of the Order, which statement shall include the names and addresses of each such Person or entity who received a copy of this Order.

## X.  SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that this Order and other initial pleadings and papers filed in this matter may be distributed and served by U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of the FTC, by any law enforcement agency, and by agents of any process servers retained by the FTC, upon Mendez, upon the business premises of Mendez, and upon any financial institution or any Person or entity that may be in possession or control of any Assets, records, Documents, property or property rights of Mendez, or that may be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire institution or entity.

## XI.  MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the FTC may contact Mendez or Mendez's agents or representatives directly and anonymously for the purpose of monitoring compliance with **Section I** of this Order, and may tape record any oral communications that occur in the course of such contacts.

## XII.  NOTIFICATION OF BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that:

A.      Mendez is preliminarily restrained and enjoined, directly or indirectly, from creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first serving on counsel for Plaintiff a written statement disclosing the following: (1) the name of the business entity; (2) the address and

telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended or actual activities. If Mendez is at the time of entry of this Order operating or exercising any control over any business entity that is not a named Defendant in this action, including any partnership, limited partnership, joint venture, sole proprietorship or corporation Mendez shall provide a written statement as described above within three (3) days of entry of this Order.

B.      Mendez shall notify Plaintiff at least seven (7) days before affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action. Each notice shall include Mendez's new business address and a statement of the nature of the business or employment and the nature of her duties and responsibilities in connection with that business or employment. If Mendez is already affiliated with, employed by, or working for any business that is not a named Defendant in this action at the time that this Order is entered, Defendant shall notify the Plaintiff within three (3) days of the entry of this Order. The notification shall include Defendant's business address, the date Defendant began working for the business, and a statement of the nature of the business or employment and the nature of her duties and responsibilities in connection with that business or employment.

## XIII. CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and

service of pleadings on Plaintiff shall be addressed to:

Julie A. Lady, Esq.
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114-2507
Phone (216) 263-3409 / Fax (216) 263-3426

## XIV. CONTINUING OBLIGATIONS UNDER THE TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that to the extent Mendez has not met her obligations

under Sections IV, VI, and X of the Temporary Restraining Order issued on February 2, 2010,

Mendez shall comply with those provisions within ten (10) days of entry of this Order.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.

**DONE** and **ORDERED** in Tampa, Florida on February 10, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2010\10-cv-335.stip prelim inj.wpd

-14-