# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION**, | **Judge James S. Moody, Jr.** |
| Plaintiff, | |
| v. | |
| **DARLING ANGEL PIN CREATIONS, INC.,** *et al.,* | **No. 8:10-cv-335-T30TGW** |
| Defendants. | |

## STIPULATED FINAL JUDGMENT AND ORDER FOR
## PERMANENT INJUNCTION AND MONETARY RELIEF
## AS TO DEFENDANT JUDITH C. MENDEZ

On February 2, 2010, the Federal Trade Commission (FTC or the Commission), pursuant to Sections 5(a) and 13(b) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 53(b), filed its Complaint for Injunctive and Other Equitable Relief against Darling Angel Pin Creations, Inc., d/b/a Angel Pin Creations; Shelly R. Olson; and Judith C. Mendez. Simultaneously, the FTC moved for a Temporary Restraining Order with Asset Freeze and Expedited Discovery pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. The Court granted the FTC's motion and issued a Temporary Restraining Order on February 2, 2010. (Doc. # 4). On February 8, 2010, the Commission and Defendant Judith C. Mendez agreed to and filed with the Court a Stipulated Preliminary Injunction, which was formally entered on February 10, 2010. (Docs. ## 14 & 16). After a preliminary injunction hearing and additional

briefing, the Court entered a Preliminary Injunction as to Defendant Olson and Defendant Darling Angel Pin Creations, Inc., on February 22, 2010. (Doc. # 26).

The parties, Plaintiff Federal Trade Commission and Defendant Judith C. Mendez, having agreed to entry of this Stipulated Final Judgment and Order for Permanent Injunction and Monetary Relief ("Order"), hereby request that the Court enter this Order to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

**FINDINGS**

1.      This Court has jurisdiction of the subject matter of this case and the parties pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

2.      Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

3.      The activities of Defendant Mendez, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 44.

4.      The Complaint states a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

5.      Defendant Mendez has entered into this Order freely and without coercion. Defendant Mendez further acknowledges that she has read the provisions of this Order and is prepared to abide by them.

6.      Defendant Mendez waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Defendant Mendez further waives and releases any claim she may have against the Commission and its employees, representatives, and agents.

7.      Defendant Mendez waives any claims she may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of the entry of this Order.

8.      Defendant Mendez, in consenting to the entry of this Order, does not admit the allegations of the Complaint other than the jurisdictional facts.

9.      The parties agree, for purposes of facilitating resolution of this matter, that entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      **"Asset"** means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as these terms are defined in the Uniform Commercial Code), and all chattel, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, reserve funds, and cash, wherever located.

2.      **"Assisting Others"** includes, but is not limited to:  (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any marketing

material; (3) providing names of, or assisting in the generation of lists of, potential customers; (4) performing marketing or billing services of any kind; (5) processing credit and debit card payments; or (6) acting or serving as an owner, officer, director, manager, or principal of any entity.

3.     **"Corporate Defendant"** means Darling Angel Pin Creations, Inc. d/b/a Angel Pin Creations, and its successors and assigns.

4.     **"Defendant"** means Judith C. Mendez.

5.     "**Defendant Olson**" means Shelly R. Olson.

6.     **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, webpages, websites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated.  A draft or non-identical copy is a separate Document within the meaning of the term.

7.     **"FTC"** or **"Commission"** means Federal Trade Commission.

8.        **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

9.        **"Work-at-Home Opportunity"** means any good, service, plan, or program that is represented, expressly or by implication, to assist an individual in any manner to earn money while working from home or from locations other than the business premises of the Defendant.

10.        The words "**and**" and "**or**" shall be understood to have both conjunctive and disjunctive meanings.

## ORDER

## I.

## BAN ON WORK-AT-HOME OPPORTUNITIES

**IT IS HEREBY ORDERED** that Defendant whether acting directly or through any other Person, corporation, partnership, subsidiary, division, agent, or other device, is permanently restrained and enjoined from:

A.        Advertising, marketing, promoting, offering for sale, or selling any Work-at-Home Opportunity; and

B.        Assisting Others engaged in advertising, marketing, promoting, offering for sale or selling any Work-at-Home Opportunity.

## II.

## PROHIBITED REPRESENTATIONS RELATING
## TO ANY GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Defendant and her agents, servants, employees, and all Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, agent, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good, service, plan, or program, are hereby permanently restrained and enjoined from misrepresenting, or Assisting Others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

A.      Purchasers are likely to earn substantial income;

B.      The total costs to purchase, receive, or use, and the quantity of, the good, service, plan, or program;

C.      Any material restriction, limitation, or condition to purchase, receive, or use the good, service, plan, or program;

D.      Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer; and

E.      Any material aspect of the performance, efficacy, nature or other characteristic of the good, service, plan, or program.

## III.

## PROHIBITED REPRESENTATIONS RELATING TO SUBSTANTIATION

**IT IS FURTHER ORDERED** that Defendant and her agents, servants, employees, and all Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, agent, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good, service, plan, or program, are hereby permanently restrained and enjoined from making any representation, in any manner, expressly or by implication, about the benefits, performance, or efficacy of such product, unless, at the time the representation is made, Defendant possesses and relies upon competent evidence that substantiates the representation.

## IV.

## MONETARY RELIEF

**IT IS FURTHER ORDERED** that

A.       Judgment is hereby entered in favor of the Commission and against Defendant, in the amount of Three Million Five Hundred and Four Thousand Seven Hundred and Fifteen dollars and Ninety-One cents ($3,504,715.91), as equitable monetary relief for consumer injury; provided, however, that subject to the provisions of

**Section V** below, this judgment shall be suspended upon Defendant's completion of the requirements stated in subparagraphs B, C, and D below.

B.      Defendant shall transfer Two Thousand Dollars ($2,000.00) to the Commission or its designated agent within ten (10) business days of entry of this order by the Court, in accordance with instructions provided by a representative of the Commission.

C.      In addition to the payment required by subparagraph B, Defendant shall within ten (10) business days of entry of this order take all necessary steps to cause the following financial institutions to remit the entire amount held in the listed accounts to the Commission:

     i.      The HSBC IRA with the last four digits 4862.

D.      Defendant shall within ten (10) business days of entry of this order transfer ownership to Efrain De Jesus of the property located in Pasco County known as Parcel No. 657 which is a tract of land lying in Section 35, Township 25 South, Range 19 East, Pasco County, Florida, being part of an unrecorded map and being more particularly described as follows: From the Northeast corner of said Section 35 run North 89°07'11" West, along the North line, a distance of 2643.27 feet to a point; thence run North 89°06'02" West a distance of 1722.64 feet to a point; thence run South 5°10'31" West, a distance of 941.61 feet to a point; thence run South 6°54'15" East, a distance of 172.20 feet to a point; thence run South 89°06'02" East, a distance of 1051.80 feet to the Point of Beginning: Thence continue South 89°06'02" East, a distance of 150.30 feet to a point; thence run North 0°53'58" East, a distance of 290.0 feet to a point, thence run North 89°06'02" West, a distance of 150.30 feet to a point; thence run South 0°53'58' West, a distance of 290.0 feet to the Point of Beginning.  **_Provided further_**, that Defendant shall provide the FTC with proof of the transfer within twenty (20) business days of the entry of this order.

E.      In the event of default on any obligation to make payment or transfer property under this Order, interest, computed pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the date of payment.  In the event such default continues for ten (10) calendar days beyond the date the payment is due, the entire amount of the judgment, less the sum of any amounts paid to the Commission pursuant to subparagraphs B and C of this Section, and any other payments made by the Corporate Defendant or Defendant Olson, together with interest, shall immediately become due and payable.  ***Provided, however***, that in all other respects this Order shall remain in full force and effect, unless otherwise ordered by the Court;

F.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agents to be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Defendant shall have no right to challenge the Commission's choice of remedies under this Paragraph. Defendant shall have no right to contest the manner of distribution chosen by the Commission.

G.      No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

H.      Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

I.      Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to, a nondischargeability complaint in any bankruptcy case.  Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

J.      In accordance with 31 U.S.C. § 7701, Defendant is hereby required, unless she has done so already, to furnish to the Commission her social security number, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Defendant's relationship with the government.

# V.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that

A.        The Commission's agreement to, and the Court's approval of, this Order, including, but not limited to, the suspension of the monetary judgment against Defendant, is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's financial condition, as represented in the financial statements provided to the FTC in February and March 2010, including all attachments and supplemental materials, copies of tax returns for Defendant, and Defendant's testimony during her asset deposition (collectively, "Financial Statements"), all of which the Commission relied upon in negotiating and agreeing to the terms of this Order.

B.        If, upon motion by the Commission to the Court, the Court finds that Defendant, in any of the above-referenced Financial Statements, failed to disclose any Asset, materially misrepresented the value of any Asset, or made any other material misrepresentation or omission, the suspension shall be lifted on the monetary judgment in **Section IV**, above, and that judgment amount, less any payments already made to the Commission, shall be immediately due and payable.

*Provided, however*, that in all other respects, this Order shall remain in full force and effect, unless otherwise ordered by the Court; and,

*Provided further*, that proceedings initiated under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any proceedings that the Commission may initiate to enforce this Order.

# VI.

## CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant, and her agents, servants, employees, and attorneys, and all other Persons in active concert or participation with her who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

A.        disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any Person which Defendant or Corporate Defendant obtained prior to entry of this Order in connection with the sale of Work-at-Home Opportunities; and

B.        failing to dispose of such customer information in all forms in her possession, custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

***Provided, however***, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

# VII.

## COOPERATION CLAUSE

**IT IS FURTHER ORDERED** that Defendant shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of Documents, and for such other matters as may be reasonably requested by the FTC.  If requested in writing by the FTC, Defendant shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

# VIII.

## LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of Defendant's Assets set forth in the Stipulated Preliminary Injunction, entered by this Court on February 10, 2010, shall be lifted to the extent necessary to turn over and transfer Defendants' Assets as required by **Section IV** of this Order, and upon completion of the turnover and transfer, shall be lifted permanently.

## IX.

## TURNOVER OF ASSETS HELD BY THIRD PARTIES

**IT IS FURTHER ORDERED that**, to partially satisfy the monetary judgment set forth in **Section IV** above, any law firm, financial or brokerage institution, escrow agent, title company, commodity trading company, automated clearing house, payment processor, business entity, or Person served with a copy of this Order, that holds, controls or maintains custody of any account or Asset of, on behalf of, or for the benefit of Defendant, or has held, controlled, or maintained custody of any account or Asset of, on behalf of, or for the benefit of Defendant, shall turn over such Asset or funds to the Commission, in accordance with instructions provided by a representative of the Commission, within ten (10) business days of receiving notice of this Order by any means, including but not limited to by facsimile.

## X.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (I) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of any Defendant's Financial Statements upon which the Commission's agreement to this Order is expressly premised:

A.         Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce Documents for inspection and copying; appear for

deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1.      obtaining discovery from any Person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2.      having its representatives pose as consumers and suppliers to Defendant, her employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C.      Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The Person interviewed may have counsel present.

*Provided however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XI.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.        For a period of five (5) years from the date of entry of this Order,

1.        Defendant shall notify the Commission of the following:

a.        Any changes in Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

b.        Any changes in Defendant's employment status (including self-employment), and any change in Defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment; and

c.        Any changes in Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

2.      Defendant shall notify the Commission of any changes in structure of Corporate Defendant or any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to:  incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.      One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which she has complied and are complying with this Order.  This report shall include, but not be limited to:

1.      Defendant's then-current residence address, mailing addresses, and telephone numbers;

2.      Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the

business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment;

3.    A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

4.    Any other changes required to be reported under Subsection A of this Section.

C.    Defendant shall notify the Commission of the filing of a bankruptcy petition by Defendant within fifteen (15) days of filing.

D.    For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications to the Commission that are required by this Order to:

Associate Director for Enforcement
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C.  20580
RE:  FTC v. Darling Angel Pin Creations, Inc., Matter No. X100014

*Provided* that, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at DEbrief@ftc.gov.

E.    For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

# XII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant, for any business for which she, individually or collectively with the Corporate Defendant or Defendant Olson, is the majority owner or directly or indirectly controls, is hereby restrained and enjoined from failing to create and retain the following records:

A.        Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.        Personnel records accurately reflecting:  the name, address, and telephone number of each Person employed in any capacity by such business, including as an independent contractor; that Person's job title or position; the date upon which the Person commenced work; and the date and reason for the Person's termination, if applicable;

C.        Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.        Complaints and refund requests (whether received directly or indirectly, such as through a third party) and any responses to those complaints or requests;

E.        Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.      All records and Documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to **Section XI** titled "Compliance Reporting."

## XIII.

## DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of the Order as directed below:

A.      For any business that Defendant controls, directly or indirectly, or in which Defendant has a majority ownership interest, Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of **Section XI** titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of **Section XI** titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.      For any business where Defendant is not a controlling Person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.      Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all Persons receiving a copy of the Order pursuant to this Section.

**XIV.**

**ACKNOWLEDGMENT OF RECEIPT OF ORDER**

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

**XV.**

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for one (1) year for purposes of construction, modification, and enforcement of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Page 21 of  21
